IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD STEARNS,<br><br>  Plaintiff,<br><br>v.<br><br>EPR TRANSPORT, INC. and<br>ERIN ROACH, an individual,<br><br>  Defendants. | CIVIL ACTION NO. 2:23-cv-811 |

## COMPLAINT

Plaintiff Leonard Stearns files this action against Defendants EPR Transport, Inc. and Erin Roach for violations of the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621, *et seq.*) and the Pennsylvania Human Relations Act ("PHRA" – 43 Pa. Cons. Stat. § 951 *et seq.*).

## THE PARTIES

1. Plaintiff, Leonard Stearns, is an adult individual who currently resides in Butler, Pennsylvania.

2. Defendant, EPR Transport, Inc. ("EPR Transport"), is a Pennsylvania corporation with its principal place of business located at 1927 California Ave., White Oak, Pennsylvania 15131.

3. Defendant, Erin Roach, is an adult individual who currently resides in White Oak, Pennsylvania. Roach is a principal and key decision maker for EPR Transport.

4. At all times relevant, EPR Transport employed more than 15 employees and was a covered employer as defined by the ADEA and the PHRA.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States and Plaintiff seeks redress for violations of federal laws. The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, because such claims are so closely related to Plaintiff's federal claims that they form part of the same case or controversy.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## FACTUAL BACKGROUND

7.      Stearns began his employment with EPR Transport on June 18, 2018, as a Class A CDL Driver for the company's Linehaul Division. At the time of his hiring, Stearns was 74 years old.

8.      Throughout his employment with EPR Transport, Stearns performed the essential duties of his job, and he performed them well. However, because of his age, EPR Transport always treated him differently from different employees. For instance, Stearns was never given a regular route and was only asked to fill in for other, younger drivers. In addition, Stearns was never provided with the same training that younger drivers were. In short, EPR Transport always viewed Stearns

9.      In May 2021, Stearns was infected with COVID-19, which required extensive medical treatment. As a result, Stearns missed work.

10. When Stearns returned to work, he told EPR Transport that he was ready to resume a full-time schedule. EPR Transport, however, put Stearns on a part-time schedule and insisted that he resume his return to work slowly.

11. As Stearns repeatedly demonstrated that he was physically ready to resume a full-time schedule, EPR Transport continued to only use him on a part-time basis.

12. In October 2021, Stearns learned that another CDL Driver was departing the company. As a result, Stearns approached EPR Transport's owner, Erin Roach, and asked to be considered for the role. A few days later, Stearns discovered that Roach had assigned that role to another, younger driver.

13. Shortly thereafter, another job opened up and Stearns asked Roach if he could be considered for that role. Roach replied that she thought that route was too physically demanding for Stearns and eventually assigned that route to a driver who was 37 years old.

14. Stearns then met with Roach to discuss why she denied him the opportunity to work those routes. During this meeting, Stearns reminded Roach that he always garnered positive reviews when working for the company; was physically capable of doing the work of both routes he applied for; and that he had no prior performance issues. Stearns asked Roach if his age had anything to do with her decision. Unfortunately, Roach refused to discuss Stearns' concerns.

15. After that meeting, Stearns was only assigned one other job. After that job, Stearns was never given an opportunity to work for EPR Transport again.

16. It is believed that EPR Transport does not have any policies and procedures in place which address issues of age discrimination and retaliation in the workplace.

17. It is believed that EPR Transport does not engage in any training for its managerial-level employees to prevent age discrimination and retaliation in the workplace.

18. It is believed that EPR Transport acted willfully and in reckless disregard of Stearns' rights under the ADEA and the PHRA when it believed that Stearns was too old to continue working in a full-time role after his return from leave and/or effectively terminated his employment with the company after he raised concerns that EPR Transport was discriminating against him because of his age.

**Exhaustion of Administrative Remedies**

19. On April 25, 2022, Stearns filed a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC"). Stearns Charge was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

20. By letter dated February 15, 2023, the EEOC notified Stearns of his right to file a civil action against Defendants.

21. Stearns initiated this civil action within 90 days of receiving the EEOC's Right to Sue Letter.

22. In accordance with 43 P.S. § 962(c)(2) of the PHRA, Stearns is contemporaneously serving a copy of this Amended Complaint on the PHRC.

23. Accordingly, Stearns has exhausted his administrative remedies under federal and Pennsylvania law.

## STATEMENT OF CLAIMS

### COUNT I
Violations of the ADEA
(Stearns v. EPR Transport)

24. Stearns incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

25. Stearns was 74 years old when he began his employment with EPR Transport, and he was the oldest Class A CDL Driver for the company.

26. Throughout his employment with EPR Transport, Stearns was never given the same job opportunities as younger drivers.

27. When Stearns returned from a brief leave in 2021, he discovered that his job opportunities were reduced even further.

28. Stearns attempted to address these reoccurring issues with EPR Transport and was rebuffed. Instead, EPR Transport responded to his concerns of age discrimination in the workplace by eliminating all his work opportunities with the company.

29. The acts and omissions that are described in this Complaint constitute unlawful discrimination and retaliation under the ADEA.

30. As a proximate result of EPR Transport's conduct, Stearns has or will suffer substantial harm, for which he seeks general, compensatory, equitable, and punitive damages.

### COUNT II
Violations of the PHRA
(Stearns v. Defendants)

31. Stearns incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

32. The acts and omissions by the Defendants that are described in this Complaint constitute unlawful age discrimination and retaliation under the PHRA.

33. As a proximate result of EPR Transport's conduct, Stearns has or will suffer substantial harm, for which he seeks general, compensatory, and consequential damages.

## **REQUESTS FOR RELIEF**

Accordingly, Stearns requests that this Court enter judgment on behalf of Plaintiff and enter an order directing the award of other relief, as follows:

A. Finding that EPR Transport violated the ADEA;

B. Finding that Defendants violated the PHRA;

C. Awarding Plaintiff back pay, front pay, lost benefits, and other emoluments of employment and such other relief as is necessary to make her whole;

D. Awarding Plaintiff compensatory damages for pain, humiliation, emotional distress, and/or damage to reputation;

E. Awarding Plaintiff liquidated damages under the ADEA;

F. Awarding Plaintiff attorneys' fees and costs;

G. Awarding Plaintiff pre- and post-judgment interest as provided by law; and

H. Awarding Plaintiff any other relief to which she is entitled and/or which this Court deems necessary and proper.

**A jury trial is demanded for all claims triable by jury.**

                        Respectfully submitted,

                        /s/ Sammy Y. Sugiura
                        Sammy Y. Sugiura
                        PA I.D. No. 209942
                        sammys@jpward.com
                        J.P. WARD & ASSOCIATES, LLC
                        201 SOUTH HIGHLAND AVE
                        SUITE 201
                        PITTSBURGH, PA 15206
                        TELEPHONE: (412) 545-3016
                        FACSIMILE: (412) 540-3399

                        **COUNSEL FOR PLAINTIFF**